UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE: BOUCHARD TRANSPORTATION
CO., INC. ET AL

05 CV 345 (SJ)

MEMORANDUM &
ORDER

-----------------------------------------------------------X

A P P E A R A N C E S:

THE KREISS LAW FIRM
1824 Southeast 4th Avenue
Fort Lauderdale, FL 33316
By: Jason W. Kreiss
Attorney for Plaintiff

HOGAN & MAHAR, LLP
80 Pine Street
Staten Island, NY 10005
By: Kevin B. Zazzera
Attorney for Plaintiff

JOHNSON, District Judge:

On February 24, 2003, Bouchard Transportation Co., Inc. ("Plaintiff") filed a Complaint for Exoneration from or Limitation of Liability in a related admiralty and maritime action (Docket # 03-cv-894), pursuant to §§ 4281-4289, 4292 of the Revised Statutes of the United States (46 U.S.C. 30501 et seq.), 46 U.S.C. Appx. §§ 181-189, and various supplementary statutes. That case was referred to mediation on January 9, 2004 by United States Magistrate Judge Joan M. Azrack and was ultimately settled by the parties on or about April 13, 2004.

However, on January 21, 2005, Plaintiff appears to have filed a Motion for

Exoneration from or Limitation of Liability, under the above-noted case number, reasserting the claims included in the original Complaint. No response was ever submitted. Indeed, no defendant was even named by Plaintiff in its Motion. Motions were terminated in this case on September 7, 2005. There was no further activity with respect to this matter until March 31, 2008, when this Court issued an Order directing Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. Plaintiff has failed to respond.[1]

Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)" or "FRCP 41(b)") authorizes a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order...," and notes that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b)... operates as an adjudication on the merits." FRCP 41(b). It is well-settled that a district court has inherent authority to dismiss a plaintiff's action for failure to prosecute, notwithstanding the fact that Rule 41(b) expressly allows a *defendant* to "move to dismiss the action or any claim against it." Id.; see Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962).

In evaluating whether to grant a motion to dismiss pursuant to Rule 41(b), a court should consider the following five factors: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the

---

[1] It should be noted that Mr. Jason W. Kreiss, who is named as one of Plaintiff's attorneys, is not, in fact, associated with this case. His name was added to this case in error.

efficacy of lesser sanctions. Spencer v. Doe, 139 F.3d 107, 112-113 (2d Cir. 1998); Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994); Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996). No one factor is dispositive. Id.

In the case at bar, consideration of the first two factors, in particular, provides grounds for dismissal. As noted above, Plaintiff failed to take any action whatsoever in this case for more than three years. Moreover, Plaintiff received notice, in the form of this Court's Order to Show Cause, dated March 31, 2008, that the case would be dismissed if no further action was taken.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
April 29, 2008

s/Hon. Sterling Johnson, Jr.

_____
Senior U.S.D.J.